Note obtain [illegible] Comp File
Clan Get CA # from Mike Vallo
also ask him for any statements, etc
AFC

**STATE OF RHODE ISLAND**
**PROVIDENCE, SC.**

**SUPERIOR COURT**

**ALISON BOYD, Plaintiff**

**VS**

**C.A. NO. 05-3920**

**STEPHEN NAPOLITANO, as Treasurer of the City of Providence, CHARLES MANSOLILLO and MEREDITH VALENTE, Defendants**

## COMPLAINT

1. Plaintiff, Alison Boyd, is an individual who is and at all times relevant herein was, a resident of the City of Providence, County of Providence, State of Rhode Island.

2. Defendant, City of Providence, was and is a municipality doing business in Providence County, State of Rhode Island. Defendant is an employer within the meaning of R.I.G.L. §28-5-6(7) and is being sued through its Treasurer, Stephen Napolitano.

3. Defendant, Charles Mansolillo, at the time of the incident alleged in this complaint, was employed as the City Solicitor for the City of Providence. At all times relevant herein, Defendant, Charles Mansolillo was a supervisor, managerial employee or agent of the Defendant City of Providence. At all times relevant herein, Defendant, Meredith Valente, was an employee of the Defendant City of Providence.

4. Each Defendant is the agent, servant, employee, successor in interest, co-conspirator, and/or *alter ego* of every other Defendant, and that in doing the acts alleged herein, each Defendant acted as the agent of and with the consent, knowledge, authorization and/or ratification of every other Defendant herein.

5. Each Defendant was in some manner intentionally and/or negligently and legally responsible for the events and happenings alleged in this Complaint and for Plaintiff's injuries and damages.

6. Plaintiff presented her claim for damages to the City Council of the City of Providence, State of Rhode Island on or about May 4, 2005 which claim is unsatisfied to date, the Defendant City of Providence not having responded.

Note: Move to Dismiss under 12(b)( ) 

COUNT I

7. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 6, inclusive, and incorporates the same by reference as though fully set forth herein.

8. Defendants, including Defendant City of Providence through its agent or supervisor, engaged in a pattern and practice of unlawful sexual harassment and hostility by subjecting Plaintiff to unwelcome sexual harassment, including but not limited to, discriminatory intimidation, ridicule, and insult that was sufficiently severe and pervasive to alter the conditions of the Plaintiff's employment and create an abusive working environment in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C.§ 2000e et. seq. (Title VII).

9. The above described unwelcome sexual harassment and hostility created an intimidating, oppressive, hostile and offensive work environment which interfered with Plaintiff's emotional well-being and her ability to perform her work.

10. Defendant City of Providence at all times relevant hereto had actual and constructive knowledge of the conduct described in paragraphs 8 and 9.

11. Defendant City of Providence failed to take all reasonable steps to prevent sexual harassment from occurring, and to protect Plaintiff from the sexual harassment and retaliation.

12. Defendant City of Providence violated Title VII by failing to adequately supervise, control or discipline and/or otherwise penalize the conduct, acts and failures to act of Defendants Charles Mansolillo and Meredith Valente as described in paragraphs 3 through 5.

13. As a result of the hostile and offensive work environment maintained by Defendant City of Providence and Defendant Charles Mansolillo's failure to protect Plaintiff from further harassment and retaliation, Plaintiff was forced to leave her employment on July 31, 2002.

14. As a direct and proximate result of Defendants' actions, Plaintiff has suffered and will continue to suffer emotional distress, consisting of outrage, shock and humiliation, reasonably occurring and likely to occur based on sexual

harassment and retaliation she experienced and her employer's failure to take prompt and appropriate remedial action; she has suffered and will continue to suffer medical expenses for psychological care, a loss of earnings and other employment benefits and job opportunities. Plaintiff is thereby entitled to general and compensatory damages in amounts to be proven at trial.

15. The outrageous conduct of Defendant Meredith Valente described above was malicious and oppressive, and done with a conscious disregard of Plaintiff's rights, and with the intent to injure Plaintiff. Because Defendant Charles Mansolillo acted in his capacity as the managing agent of Defendant City of Providence and because Defendant Charles Mansolillo ratified Defendant Meredith Valente's conduct by doing nothing despite his knowledge of Defendant Meredith Valente's unlawful conduct Plaintiff is entitled to punitive damages from Defendants City of Providence, Charles Mansolillo and Meredith Valente.

COUNT II

16. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 15 inclusive, and incorporates the same by reference as though fully set forth herein.

17. Defendants, including Defendant City of Providence through its agent or supervisor, Charles Mansolillo engaged in a pattern and practice of unlawful sexual harassment by subjecting Plaintiff to unwelcome sexual harassment, including but not limited to, discriminatory intimidation, hostility, ridicule, and insult that was sufficiently severe and pervasive to alter the conditions of the Plaintiff's employment and create an abusive and hostile working environment in violation of the Civil Rights Act of 1990, G.L.1956 Chapter 112 of Title 42.

Has anyone tried Preemption attack on statute?

18. Defendants, the City of Providence and Charles Mansolillo, failed to take all the steps necessary to prevent discrimination and harassment from occurring in violation of the Civil Rights Act of 1990, G.L.1956 Chapter 112 of Title 42.

19. As a direct and proximate result of Defendants' failure to act, Plaintiff has suffered and will continue to suffer emotional distress, consisting of outrage, shock and humiliation, reasonably occurring and likely to occur based on Defendants' failure to take all reasonable steps necessary to prevent discrimination and harassment from occurring, and she has suffered and will continue to suffer medical expenses for psychological care, a loss of earnings and other employment benefits and job opportunities. Plaintiff is hereby entitled to general and compensatory damages in the amount to be proven at trial.

20. The outrageous conduct of Defendants described above was malicious and oppressive, and done with a conscious disregard of Plaintiff's rights, and with the intent to injure Plaintiff. Plaintiff is entitled to punitive damages from the Defendants.

COUNT III

21. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 20, inclusive, and incorporates the same by reference as though fully set forth herein.

22. Defendants City of Providence and Charles Mansolillo, knew or should have known that Plaintiff's emotional distress was the likely result of their conduct and did in fact intend to inflict emotional distress upon Plaintiff. Defendants, failure to adequately and promptly address Plaintiff's complaint and to handle her complaint in such a negligent manner as to make Plaintiff the continued target of the harasser Codefendant Meredith Valente, thereby causing Plaintiff more emotional distress.

Intent? Physical manifestation

23. As a direct and proximate result of Defendants' actions, Plaintiff has suffered and will continue to suffer severe and substantial emotional distress. Defendants' conduct described above was done with a conscious disregard for Plaintiff's rights and with the intent to injure Plaintiff.

24. As a result of Defendants intentional infliction of emotional distress Plaintiff has been forced to expend large sums of money in an attempt to cure herself and experienced and continues to experience severe mental suffering. Plaintiff is thereby entitled to general and compensatory damages.

WHEREFORE, Plaintiff demands judgment as follows:

1. Compensatory and punitive damages according to proof at trial;
2. For attorney's fees and costs of suit;
3. Prejudgment interest on all amounts claimed; and

# State of Rhode Island and Providence Plantations

## SUPERIOR COURT

AUG 0 1 2005

[ ] PROVIDENCE/BRISTOL [ ] KENT [ ] WASHINGTON [ ] NEWPORT

CIVIL ACTION, FILE No. 05-3920

ALISON BOYD
**Plaintiff**

STEPHEN NAPOLITANO, as Treasurer of the City of Providence, et als
**Defendant**

## *Summons*

*To the above-named Defendant:* Stephen Napolitano, Treasurer

The above-named Plaintiff has brought an action against you in said Superior Court in the county indicated above. You are hereby summoned and required to serve upon William A. Gosz Plaintiff's attorney, whose address is 380 Broadway, Providence, RI 02909 an answer to the complaint which is herewith served upon you within 20 days after service of this summons upon you,exclusive of the day of service.

If you fail to do so, judgement by default will be taken against you for the relief demanded in the complaint. Your answer must also be filed with the court.

As provided in Rule 13(a) unless the relief demanded in the complaint is for damage arising out of your ownership, maintenance, operation or control of a motor vehicle, or unless otherwise provided in Rule 13(a), your answer must state as a counterclaim any related claim which you may have against the Plaintiff, or you will thereafter be barred from making such claim in any other action.

[signature]
CLERK

Dated: July 29, 2005

(Seal of the Superior Court)

A True Copy attest
R Bourgue (Richard Bourgue Constable 6013)
6013
8-1-05
2:17 PM - 8-1-05

RECEIVED
AUG 0 1 2005
CITY OF PROV. TREASURY

S- 135 (REV. 10/00)