**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **ALISON BOYD,** *Plaintiff* | : | |
| **Vs.** | : | **C.A. No. 05-377ML** |
| **STEVEN NAPOLITANO, as Treasurer of the City of Providence, CHARLES MANSOLILLO, and MEREDITH VALENTE,** *Defendants* | : | |

**DEFENDANTS' MOTION TO DISMISS**

Now come the Defendants in the above-referenced civil action and hereby move this Honorable Court to dismiss the pending action against them with prejudice. As reason therefor, Defendants state that the Plaintiff has failed to make herself available for the taking of her deposition on two separate occasions without good cause. Such action by the Plaintiff has prejudiced the Defendants in their defense of this case. Defendants further rely on the attached Memorandum of Law in support of their Motion to Dismiss.

Defendants,
By their Attorneys,

Raymond A. Marcaccio, Esq. #3569
Julie P. Hamil, Esq. #6887
OLIVERIO & MARCACCIO, LLP
55 Dorrance Street, Suite 400
Providence, RI 02903
(401) 861-2900
(401) 861-2922 Fax

Dated: 6/2/06

**EVIDENTIARY HEARING**

Defendants *do not* request an evidentiary hearing or an opportunity for oral argument on their Motion to Dismiss.

Julie P. Hamil, Esq.

**CERTIFICATION**

I hereby certify that a true copy of the foregoing MOTION TO DISMISS was mailed, postage prepaid, to William A. Gosz, Esq., 380 Broadway, Providence, RI 02909 on the 2 day of June, 2006.

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **ALISON BOYD,** *Plaintiff* | : | |
| **Vs.** | : | **C.A. No. 05-377ML** |
| **STEVEN NAPOLITANO, as Treasurer of the City of Providence, CHARLES MANSOLILLO, and MEREDITH VALENTE,** *Defendants* | : | |

**DEFENDANTS' MEMORANDUM OF LAW**
**IN SUPPORT OF MOTION TO DISMISS**

The Defendants hereby move this Honorable Court to dismiss the action now pending against them with prejudice.

**FACTUAL BACKGROUND**

Plaintiff filed suit against the Defendants in the Superior Court, County of Providence, State of Rhode Island, on or about July 29, 2005, alleging, inter alia, that the Defendants violated Title VII of the Civil Rights Act of 1964, 42 U.S.C §2000e, et seq. Thereafter, Defendants petitioned this court for removal based on the court's original jurisdiction pursuant to 28 U.S.C §1331 and 28 U.S.C. §1441(a). Said petition was granted and the case was removed to this Court for further proceedings.

After the removal, but prior to the entry of the Pretrial Order, Defendants propounded discovery on or about November 3, 2005. The discovery consisted of Requests for the Production of Documents and Interrogatories to be answered by the Plaintiff. The deadline for submitting her discovery responses was December 5, 2005. As of February 7, 2006, Defendants had not received Plaintiff's discovery responses and filed a Motion to Compel that was granted by rule of court on March 1, 2006. Thereafter,

Plaintiff responded to Defendants' discovery requests and interrogatories on March 14, 2006.

On April 12, 2006, Defendants noticed the deposition of the Plaintiff for April 25, 2006; a copy of such Notice is attached hereto as Exhibit A. On April 24, 2006, Defendants' counsel called Plaintiff's counsel to confirm the proceeding. At that time, Defendants' counsel was informed for the first time that Plaintiff would be unable to attend her deposition on April 25th due to the fact that she was experiencing child care issues. Defendants' counsel agreed to reschedule Plaintiff's deposition.

Subsequently, Defendants' counsel re-noticed Plaintiff's deposition for May 31, 2006; a copy of such Notice is attached hereto as Exhibit B. Once again, Defendant's counsel called Plaintiff's counsel the day prior to the scheduled deposition, on May 30, 2006, and was informed that Plaintiff would not be available to attend. Initially, Plaintiff's counsel did not present a reason for such unavailability, but later called to inform Defendants' counsel that Plaintiff's mother was supposed to watch Plaintiff's child during the time of the scheduled deposition, however "something had come up" and Plaintiff did not have a babysitter to care for her child.

The Pretrial Order in this case has already been amended to enlarge the time for the completion of discovery from April 14, 2006 to July 14, 2006.

**ARGUMENT**

In order to conclude the discovery phase of this case prior to its scheduled deadline, Defendants must have the opportunity to depose the Plaintiff. Furthermore, the Plaintiffs' deposition will likely illuminate other issues that Defendants will need to

investigate and identify other people who Defendants may want to depose prior to the scheduled completion date.

The delays caused by the Plaintiff have prejudiced the Defendants' case. It now appears unlikely if not impossible that the Defendants will be able to re-schedule and complete Plaintiffs' deposition prior to the discovery deadline given her apparent unwillingness to make reliable child care arrangements. Secondly, it will be difficult, if not totally impossible to investigate any issues and depose any potential witnesses identified by Plaintiff in her deposition, prior to the discovery deadline. The Defendants' case is essentially at a stand still through no fault of their own but due to the lack of cooperation from the Plaintiff.

Plaintiff made no effort to notify Defendants of her unavailability until the day before each of her two scheduled depositions; in both instances offering only the excuse that she did not have someone to watch her child during the scheduled time. Given the ample notice that Plaintiff received as to the date and time of her depositions, Defendants find this excuse to lack merit. Likewise, in light of the serious accusations Plaintiff asserts against each of the named Defendants in her Complaint, her behavior and seeming unwillingness to cooperate with the judicial process is disconcerting.

Rule 37(d) of the Federal Rules of Civil Procedure conveys to the hearing court the power to take whatever remedial steps are necessary to address various discovery violations, including the failure of a party to attend their own deposition. In considering purpose of this discretionary power, the United States Supreme Court has opined that "the most severe in the spectrum of sanctions provided by statute or rule must be available to the district court in appropriate cases, not merely to penalize those whose

conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent." *National Hockey League et al. v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 643 (1976). Echoing the holding of *National Hockey*, the First Circuit further stated that "[t]here is nothing in the rule that states or suggests that the sanction of dismissal can be used only after all the other sanctions have been considered or tried." *Damiani v. Rhode Island Hospital, et al.*, 704 F.2d 12, 15 (1st Cir. 1983). In light of these holdings, and in consideration of the Plaintiff's behavior during the pendency of this case, the sanction of dismissal is warranted.

## CONCLUSION

The failure of the Plaintiff to attend her depositions and her lack of adequate explanation and notice thereof, warrants the imposition of sanctions pursuant to Fed. R. Civ. Pro. 37(d). Defendants respectfully request this Honorable Court to use its discretionary power to dismiss Plaintiff's case with prejudice.

Defendants,
By their Attorneys,

Raymond A. Marcaccio, Esq. #3569
Julie P. Hamil, Esq. #6887
OLIVERIO & MARCACCIO, LLP
55 Dorrance Street, Suite 400
Providence, RI 02903
(401) 861-2900
(401) 861-2922 Fax

Dated: June 2, 2006

## CERTIFICATION

I hereby certify that a true copy of the foregoing DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS was mailed, postage prepaid, to William A. Gosz, Esq., 380 Broadway, Providence, RI 02909 on the 2nd day of June, 2006.

Nadine Hendrickson